UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI BARNES,

       Plaintiff,                                      Hon. Robert J. Jonker

v.                                                      Case No. 1:20-cv-1153

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 36 years of age on her alleged disability onset date. (ECF No. 10-5, PageID.228). She successfully completed high school and worked previously as a bus driver. (ECF No. 10-2, PageID.85). Plaintiff applied for benefits on March 19, 2018, alleging that she had been disabled since February 14, 2018, due to blindness, pseudo-tumor on the brain, and an auto-immune issue. (ECF No. 10-5, 10-6, PageID.228-38, 277).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ JoErin O'Leary, in an opinion dated February 3, 2020, determined that Plaintiff did not qualify for disability benefits. (ECF No. 10-2, PageID.75-87, 93-126). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision. (*Id.*, PageID.53-57). Plaintiff later initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity.   *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.   *See* 42 U.S.C. § 423(d)(2)(A).   While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) pseudotumor cerebri with migraine; (2) chronic ankle sprain; (3) obesity; and (4) depression, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 10-2, PageID.78-80).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can stand/walk for four hours during an 8-hour workday; (2) she

cannot perform any occupational driving; (3) she cannot tolerate any exposure to extreme cold, extreme heat, or humidity; (4) she can never climb ladders, ropes, or scaffolds; (5) she can never be exposed to unprotected heights or dangerous moving mechanical parts; and (6) she can understand, remember, and carry out simple instructions; and (7) she cannot perform work requiring a specific production rate. (*Id.,* PageID.80).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there existed approximately 140,400 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (*Id.,* PageID.121-23). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

I.      **Medical Source Opinion**

On February 19, 2019, Dr. Allyson Barker completed a report regarding Plaintiff's ability to perform work activities. (ECF No. 10-8, PageID.618-21). The doctor reported that Plaintiff experienced thirty headaches monthly each lasting 6-24 hours. (*Id.,* PageID.618). The doctor reported that Plaintiff was "incapable of even 'low stress' work." (*Id.,* PageID.619). The doctor also reported that Plaintiff would be off task "25% or more" of the workday due to her inability to pay attention and concentrate. (*Id.,* PageID.620). Finally, the doctor reported that Plaintiff would be absent from work "more than four days per month." (*Id.*). The ALJ found Dr. Barker's opinion "unpersuasive." (ECF No. 10-2, PageID.85).

Plaintiff argues that she is entitled to relief because the ALJ's assessment of Barker's opinions is not supported by substantial evidence. Because Plaintiff filed her applications after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a).

Instead, the ALJ is required to articulate her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1). These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict

the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

An examination of the medical evidence demonstrates that the ALJ's assessment is supported by substantial evidence. On January 30, 2018, Plaintiff was diagnosed with inflammatory pseudotumor of both orbits.[1] (ECF No. 10-7, PageID.324-29). A CT scan of Plaintiff's head revealed "no acute intracranial abnormality." (*Id.,* PageID.393). Subsequent treatment notes indicate that Plaintiff's cranial discomfort was relieved with medication. (ECF No. 10-8, PageID.489, 496).

---

[1] An orbital inflammatory pseudotumor "is an inflammatory reaction in the orbital tissues that surround the eyes." *See* Orbital Inflammatory Pseudotumor, available at https://www.upmc.com/services/neurosurgery/brain/conditions/brain-tumors/orbital-inflammatory-pseudotumor (last visited on Dec. 7, 2021).

The results of a September 8, 2018 eye examination were unremarkable and Plaintiff reported that her "occipital frontal head discomfort" had "has essentially stopped with the aggressive treatment of her underlying condition." (*Id.,* PageID.564-65). The results of a neurological examination were "not outside normal limits." (*Id.,* PageID.566-67). An October 5, 2018 MRI of Plaintiff's orbital areas revealed no evidence of abnormality. (*Id.,* PageID.632). The results of a February 11, 2019 eye examination were "relatively normal" and Plaintiff demonstrated "improvement in visual acuity." (ECF No. 10-9, PageID.776). The doctor also noted that "neuroimaging. . .documented resolution of orbital inflammation." (*Id.,* PageID.777). The doctor noted the "stability of the examination findings" and concluded that Plaintiff had experienced "significant improvement." (*Id.*) Treatment notes dated November 18, 2019, indicate that Plaintiff's symptoms "are most consistent with chronic migraine cephalgia" and are not consistent with pseudomotor cerebri. (*Id.,* PageID.845). Plaintiff was prescribed medication to treat her migraine symptoms, but was instructed that she did not need to return for a follow-up visit until six months later. (*Id.*).

Plaintiff testified at the administrative hearing that she experiences debilitating headaches at least twice weekly. (ECF No. 10-2, PageID.103-05). Plaintiff's care providers, however, have noted the absence of findings supporting such. (ECF No. 10-9, PageID.843-49). Plaintiff also testified that she experienced significant difficulties standing and walking. (ECF No. 10-2, PageID.111-12).

Treatment notes, however, document that Plaintiff experienced no such difficulty. (ECF No. 10-8, 10-9, PageID.565, 850).

The ALJ concluded that the extreme limitations articulated by Dr. Barker were not consistent with the record. (ECF No. 10-2, PageID.84-85). This conclusion is supported by substantial evidence. Plaintiff does not articulate or identify any particular error with the ALJ's analysis, but instead simply urges the Court to re-weigh the evidence and reach a different conclusion. As noted above, however, this is not a basis for obtaining relief. Accordingly, this argument is rejected.

## II.    Waived Arguments

In her Statement of Errors, Plaintiff asserts that she is also entitled to relief because the ALJ "violated agency rules," "failed in his duties to provide a fair and full hearing," and "misapplied the law." Other than simply asserting the right to relief on these grounds, Plaintiff offers neither evidence nor argument in support thereof. Accordingly, these arguments have been waived because they have not been sufficiently developed. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its

bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within such time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 17, 2021            /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge